UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARTHUR and GAIL COWARD,

                         Plaintiffs,

        v.                                        3:05-cv-00285

MICHAEL GILROY, Individually and in his Official
Capacity as Family Care Coordinator for the New York
State Office of Mental Retardation and Developmental
Disabilities, PATRICIA A. MCDONNELL, Individually
and in her Official Capacity as Director of the Broome
Developmental Disabilities Services Office, and John
and Jane Does, Employees of the New York State Office
of Mental Retardation and Developmental Disabilities,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Office of Ronald R. Benjamin<br>P.O. Box 607<br>126 Riverside Drive<br>Binghamton, NY 13902-0607<br>*Attorneys for Plaintiffs* | Ronald Benjamin, Esq. |
| Office of Attorney General - Albany<br>The Capitol<br>Albany, NY 12224<br>*Attorneys for Defendants* | Michael McCartin, AAG |

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

Plaintiffs Arthur and Gail Coward commenced the instant civil rights action arising out of the revocation of their operating certificate to provide assisted living for mentally retarded adults. Presently before the Court are: (1) Defendants' motion for summary judgment seeking dismissal of Plaintiffs' due process claim; and (2) Plaintiffs' cross-motion for (i) discovery, and (ii) leave to file an amended complaint.

## II. FACTS

Plaintiffs were family care home operators who participated in the New York State Office of Mental Retardation and Developmental Disabilities's ("OMRDD") program to provide assisted living for mentally retarded adults. By letter dated September 4, 2004, Defendant Patricia McDonnell, the Director of OMRDD's Broome Developmental Disability Services Office, notified Plaintiffs that OMRDD had temporarily suspended the operating certificate that had allowed them to provide assisted living for mentally retarded adults in their home. In a notice dated October 1, 2004, Plaintiff was informed of the date, time, and place of the post-suspension hearing. Plaintiffs appeared at the hearing with counsel.

At the hearing, there was evidence that one of the mentally retarded adults residing in Plaintiffs' home called 911 and reported verbal abuse by Plaintiff Gail Coward.[1] Plaintiffs were afforded the opportunity to cross-examine OMRDD's witnesses and present their own

---

[1] Plaintiffs challenge this evidence on the grounds that it consisted of compound hearsay, there was no indication who heard the 911 call being made, and they were denied the opportunity to present evidence because OMRDD refused to produce the individual who made the 911 call and refused to produce any patient records.

- 2 -

witnesses.[2]  In a decision dated November 24, 2004, the hearing officer concluded that OMRDD had adequate grounds to temporarily suspend Plaintiff's operating certificate. Plaintiffs did not appeal this determination or otherwise challenge it through a proceeding pursuant to N.Y.C.P.L.R. art. 78.

On November 4, 2004 (before the hearing officer issued a decision in connection with the suspension), Defendant McDonnell sent a notice by certified mail to Plaintiffs and their counsel notifying them of OMRDD's intent to permanently revoke their operating certificate.  The letter apprised Plaintiffs of their right to challenge the proposed revocation of the operating certificate at hearing.  The letter informed Plaintiffs that they were required to request such a hearing "in writing, within thirty (30) days of your receipt of this letter."  The letter further warned that "[i]f you decide not to request a hearing, your operating certificate will be revoked thirty (30) days from your receipt of this letter."

Plaintiffs did not request a hearing within the thirty day time limit.  Accordingly, by letter dated December 15, 2004, Plaintiffs were informed that their operating certificate had been revoked.  Thereafter, Plaintiffs, through their attorney, complained that the November 4, 2004 letter failed to comply with the notice requirements of 14 N.Y.C.R.R. § 602.2(a)(1). OMRDD rejected Plaintiffs' contention.  Plaintiffs did not appeal OMRDD's decision to revoke the operating certificate or otherwise pursue the determination in an Article 78 proceeding.

## III.     STANDARD OF REVIEW

Defendants initially moved pursuant to FED. R. CIV. P. 12(b)(6) seeking dismissal of the due process claim.  Because the parties were relying on materials outside of the

---

[2] See n.1, *supra*.

pleadings, the Court informed the parties of its intention to convert the motion to a summary judgment motion under Rule 56. All parties were afforded additional time to submit materials pertinent to a Rule 56 motion.

It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). With this standard in mind, the Court will address the defendant's motion.

## IV.	DISCUSSION

Defendants seek to dismiss Plaintiffs' due process claim on the ground that Plaintiffs failed to avail themselves of the available pre-deprivation remedies provided at the state level.  Specifically, Defendants claim that Plaintiffs did not timely request a hearing challenging OMRDD's proposed revocation of the operating certificate and did not file a proceeding pursuant to N.Y.C.P.L.R. Article 78 challenging the revocation of the operating certificate.  Plaintiffs respond that the November 4 notice was inadequate because it did not provide any reasons for the proposed revocation and that they have not been provided sufficient due process in connection with their stigma-plus claim.

Before proceeding, the Court notes that Plaintiffs have argued that they need, and are entitled to, additional discovery pursuant to Fed. R. Civ. P. 56(f).  Plaintiffs have failed, however, to identify what discovery is needed to address the limited issue currently before the Court or why such information is likely to create an issue of fact.  See Hudson River Sloop Clearwater, Inc. v. Department of Navy, 891 F.2d 414, 422 (2d Cir. 1989).  Accordingly, the request for additional discovery is denied.

"The Due Process Clause of the Fourteenth Amendment requires that, generally, a person must be afforded the opportunity for a hearing prior to being deprived of a constitutionally protected liberty or property interest."  Patterson v. City of Utica, 370 F.3d 322, 329 (2d Cir. 2004).

> For parties to be bound by the results of a proceeding, due process requires notice reasonably calculated, under the circumstances, to apprise them of the pendency of the action and afford them the opportunity to present their objections.  There is no rigid formula as to the kind of notice that must be given; notice required will vary with circumstances and conditions.  If a party receives actual notice that

> apprises it of the pendency of the action and affords an opportunity to respond, the due process clause is not offended.

Baker v. Latham Sparrowbush Associates, 72 F.3d 246, 254 (2d Cir. 1995) (and cases cited therein) (internal citations, quotations and alterations omitted).  Defendants have not argued that the operating certificate is not a constitutional protected property interest and, thus, the Court will assume that it is.

Pursuant to 14 N.Y.C.R.R. § 602.2, Defendants were obligated to provide a notice that included (1) notice of the proposed action and a general description of the reasons therefor; and; (2) notice of any rights pursuant to law or regulation to appeal and to request a hearing on the matter.  The November 4, 2004 notice to Plaintiffs provided information concerning the proposed action (the intent to revoke the operating certificate) and informed Plaintiffs of their right to a hearing.  Def.'s Ex. C.  The notice stated that "there exists in your home a condition or practice which poses an imminent danger to the health or safety of [persons residing therein]."  Def.'s Ex. C.  The notice also provided Plaintiffs with a list of alleged regulatory violations.  Def.'s Ex. C.  Plaintiffs complaint is that the notice lacks a general description of the reasons for the proposed action.

The Court need not make a determination whether the contents of the November 4, 2004 letter are sufficient to satisfy due process because, under the facts and circumstances of this case, there was no due process violation.  The reason is that Plaintiffs had actual notice of the reasons for the proposed revocation of the operating certificate.  Plaintiffs had actual notice because the revocation was a part, or extension, of the earlier temporary revocation proceeding in which they participated.

Pursuant to N.Y. MENTAL HYG. LAW § 16.17(b)(1), OMRDD may temporarily suspend an operating certificate without a prior hearing for a maximum of sixty days "upon written notice to the facility following a finding . . . that a client's health or safety is in imminent danger." "During the sixty day suspension . . . [OMRDD] shall determine whether to reinstate or remove the limitations on the facility's operating certificate or to revoke, suspend or limit the operating certificate." Id. at § 16.17(b)(3).

That is precisely what occurred here. By letter dated September 8, 2004, OMRDD temporarily suspended Plaintiffs' operating certificate based on its finding of imminent danger to the health or safety of a client. Plaintiffs admit that they were informed of the basis therefor. See Arthur Coward Aff. at par. 10; Gail Coward Aff. at par 3. Thereafter, Plaintiffs participated in a hearing concerning the temporary revocation. At the hearing, Plaintiffs heard OMRDD's allegations and evidence in support of the suspension. Thus, as of that time, Plaintiffs had actual knowledge of the basis for OMRDD's actions. Plaintiffs concede that they had such knowledge at page 12 of their memorandum of law. Moreover, Plaintiffs knew that the temporary suspension could lead to a revocation. See Def.'s Exs. F; B1 at pp. 7-8; Gail Coward Aff. at par. 13. In accordance with § 16.17(b)(3), and as an outgrowth of the earlier temporary suspension, OMRDD provided Plaintiffs with notice of its intention to revoke their operating certificate. Because the revocation was part of the same proceeding as the temporary suspension, N.Y. MENTAL HYG. LAW § 16.17(b)(3), and Plaintiffs were present at the temporary suspension hearing at which time OMRDD explained the basis for its actions, Plaintiffs had actual knowledge of OMRDD's basis for its decision to revoke the operating certificate. Because Plaintiffs had actual knowledge, there was no due process violation. Although OMRDD may be well-advised to include more information in its

revocation notices, under the facts and circumstances of this case, the Court finds no due process violation.

The Court further finds that, assuming there was a due process violation, Defendants would be entitled to qualified immunity. Although the basic requirements of due process are clearly established, reasonable persons could disagree whether Plaintiffs' involvement in the temporary suspension proceedings constituted actual notice, thereby obviating the need to include additional information in the notice concerning the revocation.

Plaintiff also contend that they were not afforded a name clearing hearing and, thus, have suffered the "stigma-plus" due process violation. Plaintiffs had multiple opportunities to clear their name, including the hearing concerning the temporary suspension; the opportunity to challenge the decision to temporarily suspend the operating certificate at an Article 78 proceeding (which Plaintiffs did not take advantage of); the pre-deprivation opportunity to challenge the decision to revoke the operating certificate before a hearing officer (which Plaintiffs did not timely take advantage of); and the post-deprivation opportunity to challenge the revocation of the operating certificate at an Article 78 proceeding, which Plaintiffs did not take advantage of. It, thus, is clear that Plaintiffs had ample opportunity for a name clearing hearing. Patterson v. City of Utica, 370 F.3d 322, 330 (2d Cir. 2004); DiBlasio v. Novello, 344 F.3d 292, 302-04 (2d Cir. 2003).

## V.     CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the due process claims is GRANTED and it would be futile to permit Plaintiffs to amend their Complaint with respect to the due process claims. To the extent Plaintiff otherwise seeks to amend her complaint, that

motion is DENIED for failure to comply with Local Rule 7.1(a)(4) without prejudice to refiling before the assigned magistrate judge.  Plaintiff's motion for discovery is DENIED.

IT IS SO ORDERED.

Dated:August 24,2005

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge